```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROLLY O. KINNELL,**

                          **Plaintiff,**

                                                  CIVIL ACTION
           **vs.**                                               No. 03-3351-SAC

**RICHARD SMITH, et al.,**

                          **Defendants.**

## ORDER

By an order dated February 25, 2004, the court dismissed the pro se complaint filed in this matter, based upon plaintiff's "3-strike" status, 28 U.S.C. § 1915(g), and plaintiff's failure to pay the $150.00 district court filing fee.

In February 2005, the court denied plaintiff's motion to amend the complaint and motion for relief from judgment, Fed.R.Civ.P. 60(b). In May 2005, the Tenth Circuit Court of Appeals dismissed plaintiff's appeal from that district court order. In September 2005, plaintiff again sought relief from the court's February 2005 order, and also sought an order for remand from the state courts and a hearing before a three judge panel. By an order dated September 21, 2005, the court dismissed these motions, finding no sound factual or legal basis for the relief requested in these pro se pleadings.

Thereafter, plaintiff filed a motion for an order of "double default" and for declaratory judgment, a request for removal of a final state criminal action to federal court, an affidavit of prejudice against the undersigned judge, and yet another motion by

plaintiff for relief from judgment.  The court found these pleadings barely comprehensible, devoid of any legal merit, and abusive of federal court rules.

Before the court is a pro se pleading liberally construed as a notice of appeal in which plaintiff alleges fraud and error by this court in the handling of plaintiff's cases.

Plaintiff did not prepay the $255.00 appellate filing fee, and is clearly subject to the "three-strike" provision in 28 U.S.C. § 1915(g) that disallows him from proceeding in forma pauperis in this matter absent a showing of imminent danger of serious physical injury.[1]  Plaintiff's motion for leave to plead exceptional circumstances (Doc. 39) is granted, but having reviewed said pleading, the court finds no showing has been made that warrants an exception to 28 U.S.C. § 1915(g).

Plaintiff's motion for consolidation of this appeal with his appeal in Kinnell v. U.S.A., Case No. 02-3228-SAC, is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to plead exceptional circumstances (Doc. 39) is granted.

IT IS FURTHER ORDERED that plaintiff is denied leave to proceed in forma pauperis on appeal.

IT IS FURTHER ORDERED that plaintiff's motion for consolidation (Doc. 40) is denied without prejudice.

---

[1] See 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

**IT IS SO ORDERED.**

DATED:  This 4th day of April 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge